THE STATE, THOMAS C. ELY, EXECUTOR OF ELIZABETH LONGSTREET, DECEASED, PROSECUTOR, v. THE COLLECTOR OF HOLMDEL TOWNSHIP, MONMOUTH COUNTY.

1. A tax upon personal property in possession, or under control of an executor, should be against the person holding the office in his representative character, and not against "the estate of" testatrix; and such tax can be assessed only in the township where executor resides for all such property, wherever situate.

2. An executor intended, or likely to be affected by a tax against "the estate of" his testatrix, may prosecute *certiorari* to have such tax reviewed.

On *certiorari* to review tax.

The assessor of Holmdel township, in the county of Monmouth, assessed "Elizabeth Longstreet, deceased, estate of," for personal property, in 1873, value, $12,500, and in 1874, the same form of assessment on valuation, $12,000.

Property assessed in 1873 was household furniture, situate in Holmdel township, valued at $500, and $12,000, the amount of three mortgages, made or assigned to B. F. Randolph, in trust, to pay the interest yearly to Elizabeth Longstreet, during her life, and the principal, on her death, to certain children of John Longstreet, deceased. The tax of 1874 was on the mortgages alone. Elizabeth Longstreet died in 1872, and, by her will, bequeathed all her personal property to her five daughters, except the interest which might, at her death, be due on the mortgages. Thomas C. Ely, the prosecutor, was appointed sole executor, and was granted letters testamentary, March 4th, 1872. The executor always resided in Marlboro township, Monmouth county. B. F. Randolph resided in Jersey City. About $2000 was due testatrix, at her death, from B. F. Randolph, trustee, but that interest, and the principal due on the mortgages, were realized by the trustee on a foreclosure and sale of the mortgaged premises in 1875, and in July of that year, $2306, the principal and interest paid by Randolph to the executor.

The household furniture was never removed by the executor from the township of Holmdel, but remained at the homestead, in the possession of two of the five legatees. The estate is still unsettled.

Tax warrants were issued, and under them the furniture was seized for both taxes.

Argued at June Term, 1876, before Justices DEPUE, VAN SYCKEL and KNAPP.

State, Ely, pros., v. Collector of Holmdel Township.

For the plaintiff, *John J. Ely.*

For the defendant, *George C. Beekman.*

The opinion of the court was delivered by

KNAPP, J. The assessments, in these cases, are to "Elizabeth Longstreet, deceased, estate of," on personal estate, value, $12,500, for 1873. In 1874, the same form of assessment, on a valuation of $12,000.

The first question presented by the case is, whether this is a proper form of assessment? An assessment for taxes against the "estate of J. B. Coles," was sustained by this court in the case of *State* v. *Collector of Jersey City,* 4 *Zab.* 108. No form of assessment was, at the time of that decision, required by law. The property taxed was a large tract of land, well known in Jersey City, and its owners were equally well known. The assessment was regarded as not strictly correct, but, because the property had, for a number of years, been assessed in the same manner, and the taxes paid by the owners, without objection, the mere lack of form in designating the owners, was regarded as not impairing the substantial rights of the prosecutor, and it was sustained.

Since the adjudication in that case, a material change has been made in the law respecting the form and manner of assessing taxes.

By the tenth section of the tax law of 1866 (*Nix. Dig.* 952), the assessor is required to show, on his duplicate, the names of all persons assessed, and the value of the personal estate assessed to each one. There may be cases in which a literal compliance with those requirements will be impossible, or highly inconvenient, or its omission may not prejudice or impair the substantial rights of the parties. A tax, under such circumstances, would not be held invalid, but such observance of this section as is necessary to afford to the taxpayer all the protection intended for him by that provision in the law, must be regarded. That has not been done in these cases. The form of the assessment seems to point at, and it

State, Ely, pros., v. Collector of Holmdel Township.

probably was intended to be against the legal representatives of Elizabeth Longstreet, deceased, yet, so uncertain is the aim, that the defendant challenges the standing of the prosecutor in these suits, because of the doubt, arising on the face of the assessment, of his being the one intended to be affected by it.

Assuming that the taxes, in these cases, were levied to reach the estate of Elizabeth Longstreet, deceased, in the hands of her executor, to be administered, it is clear that, under the law, her executor could not be taxed in the township of Holmdel, nor could property belonging to him, as such executor, although in that township, be taxed there.

The seventh section of the same act provides that "every person shall be assessed in the township or ward where he resides, for all personal estate in his possession, or under his control as trustee, guardian, executor or administrator." The executor was a resident of the township of Marlboro, and, as such, taxable there for all the property of the estate, and was not taxable in Holmdel.

Testimony is given to prove that, in 1873, when the furniture was taxed for $500, it was not under his *control* as executor. The furniture was left in the homestead of Mrs. Longstreet, and a receipt for it given by the legatees to the executor. This may have been parting with his right in and control over the property. If so, the executor should not have been taxed for it anywhere; the tax for that year should have been against the new owners.

It is said that these taxes ought not to be set aside, as the prosecutor was not taxed elsewhere for this estate. He should have been taxed in the township of Marlboro for the personal estate of testatrix, held by him as her executor, and that should have included the interest on the mortgages, which was due to the testatrix at the time of her death. The principal money secured by the mortgages formed no part of her estate, and her executor could not be taxed for it. But, through some oversight of the assessor of his township, the estate in his hands which was really subject to taxation, will unjustly escape it. That fact, however, can-

not render the tax against him in Holmdel township the less illegal. Beside, if any part of the assessment were sustainable, it would be manifestly unjust that this executor—and, through him, the beneficiaries under the will—should be compelled to pay tax on $12,000, money not of the estate, and in which they have no interest.

The defendant insists that the prosecutor is a mere volunteer, without any interest in the subject of these suits, and should not be permitted further to prosecute the writs.

The form in which this entry stands upon the duplicate, leaves it quite uncertain that the prosecutor was thereby intended, and so much so, that it is doubtful whether the usual process to compel payment of the tax could *lawfully* be enforced against him, yet, if the tax should stand, he is, on the face of the assessment, sufficiently indicated, to expose him to much risk that the public authorities may cause process to issue against him for its collection. He was the taxable owner of Elizabeth Longstreet's estate. To deny to him the right, under such circumstances, to test its validity in the courts, would be unjust. In the "Coles estate" tax, the assessment, with the surrounding circumstances considered, was deemed by the court sufficient designation of the prosecutors, as owners, not merely to give them standing in court, but to maintain the tax against them.

The testimony taken by the parties in the present case, shows that the prosecutor, as executor, was the person intended. The executor was the proper representative of the estate. The assessor knew him in that character, and assessed what he supposed was the personal property left by the testatrix at her death. It also appears that notice of the tax was served by the collector upon the prosecutor.

A resort to extraneous testimony, to ascertain who is the person assessed, ought not to be necessary in support of a tax, nor will it be if the precision in statement required by the act of 1866 is observed by the assessor. But aid may properly be sought from such testimony in determining the standing in court of the prosecutor.

An assessment may be uncertain as to the person intended to be taxed, to a degree that, under the law, it may, for that cause, be fatally defective, and yet may so far indicate or point to one that, taken in conjunction with extrinsic evidence, it becomes apparent that he is the person designed to be taxed.

.The entry in the duplicate, and the depositions taken, show the executor to be the person interested in the matters brought here by the writs, and the only one who could properly prosecute them. Believing that the proper parties are before the court, and that both assessments are illegal, they are set aside.

The tax warrants, and all proceedings under them, must also be set aside, with costs.